FILED'10 JAN 27 09:57 USDC-ORP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

WILLIAM DONALD HARVEY,

                                     Civil No. 08-842-MO

       Petitioner,

   v.

OREGON BOARD OF PAROLE AND
POST-PRISON SUPERVISION,

                               OPINION AND ORDER

       Respondent.

Thomas J. Hester
Assistant Federal Public Defender
101 S.W. Main Street, Suite 1700
Portland, Oregon 97204

       Attorney for Petitioner

John R. Kroger
Attorney General
Jonathan W. Diehl
Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, Oregon 97310

       Attorneys for Respondent

1 - OPINION AND ORDER

MOSMAN, District Judge.

Petitioner brings this habeas corpus case pursuant to 28 U.S.C. § 2254 in which he seeks to challenge the legality of decisions made by the Oregon Board of Parole and Post-Prison Supervision ("Board"). For the reasons that follow, the Amended Petition for Writ of Habeas Corpus is denied.

**BACKGROUND**

On June 25, 1992, a Benton County jury convicted petitioner of Rape in the First Degree and Incest. Respondent's Exhibit 101. As a result, the trial court sentenced petitioner to 72 months' imprisonment and 14 years of post-prison supervision ("PPS"). *Id.*

On February 14, 1997, petitioner was released to PPS, but not before the Board designated him as a predatory sex offender and high risk dangerous offender, prompting it to impose special conditions pertaining to his supervision, including a provision that he not have contact with minor males. Respondent's Exhibit 103, p. 12.

On September 21, 2005, the Board revoked petitioner's PPS based on new criminal activity pertaining to a domestic assault, his use of illegal narcotics, having prohibited contact with minors, and lying to his supervising officer. Petitioner requested administrative review of this decision, arguing in part that some of the conditions of his supervision were unwarranted. The Board denied relief, determining that petitioner's challenges to the

propriety of the conditions of his supervision were untimely, and that the remainder of his challenges lacked merit.  Respondent's Exhibit 103, pp. 172-174.

On October 6, 2005, petitioner was convicted of Assault in the Second Degree, Felony Assault in the Fourth Degree, Interference with Making a Report, and Harassment based on the new criminal activity which, in part, prompted the Board to revoke his parole. As a result, the trial court sentenced him to 70 months' imprisonment.  Respondent's Exhibit 101.  The legality of these convictions is not at issue in this case.

Petitioner sought judicial review of the Board's Administrative Review Response, but the Oregon Court of Appeals dismissed his case on the basis that it was moot.  Respondent's Exhibit 107.  This prompted petitioner to petition the Oregon Supreme Court for review wherein he argued that the Oregon Court of Appeals wrongly determined that his case was moot.  He therefore asked the Oregon Supreme Court to reverse this procedural decision and remand the case for a decision on the merits.  Respondent's Exhibit 108.  The Oregon Supreme Court, however, denied review. Respondent's Exhibit 109.

Petitioner filed companion federal habeas corpus cases on July 16, 2008.  The court consolidated these cases on April 20, 2009, and designated CV. 08-842-MO as the lead case.  In his Amended

3 - OPINION AND ORDER

Petition for Writ of Habeas Corpus, petitioner raises four grounds

for relief:

1.    Petitioner was denied his right to due process when
      the Board failed to provide him with adequate and
      fair advance notice of his revocation hearing as
      mandated by the Board's own rules and when,
      thereafter, the Board refused to postpone his
      hearing as requested;

2.    Petitioner was denied due process when the Board
      revoked his supervision based on a special
      condition that was imposed in violation of the
      applicable rules;

3.    Petitioner was the victim of an *ex post facto*
      violation when the Board increased his
      incarceration sanction by applying regulations that
      were enacted after the underlying offense; and

4.    Petitioner was denied due process when the State's
      intermediate appellate court dismissed his Petition
      for Judicial Review based on erroneous application
      of law and/or an unreasonable determination of
      fact.

Amended Petition (#30), pp. 2-3.

       In his supporting memorandum, petitioner chooses to argue only

Grounds One and Two. Memo in Support (#39), p. 2. Respondent asks

the court to deny relief on these claims because they were not

fairly presented to the state courts and are therefore unpreserved,

and because they lack merit.

**DISCUSSION**

## I.    <u>Unargued Claims</u>

       Petitioner does not provide argument to support Grounds Three

and Four, nor does he attempt to refute the State's arguments in

its Response that these claims do not entitle him to relief.  The

       4 - OPINION AND ORDER

court has nevertheless reviewed petitioner's unargued claims and determined that they do not entitle him to relief. *See* 28 U.S.C. § 2248 ("The allegations of a return to the writ of habeas corpus or of an answer to an order to show cause in a habeas corpus proceeding, if not traversed, shall be accepted as true except to the extent that the judge finds from the evidence that they are not true."); *see also Silva v. Woodford*, 279 F.3d 825, 835 (9th Cir. 2002) (petitioner bears the burden of proving his claims).

## II.  **Exhaustion and Procedural Default**

A habeas petitioner must exhaust his claims by fairly presenting them to the state's highest court, either through a direct appeal or collateral proceedings, before a federal court will consider the merits of those claims. *Rose v. Lundy*, 455 U.S. 509, 519 (1982). "As a general rule, a petitioner satisfies the exhaustion requirement by fairly presenting the federal claim to the appropriate state courts . . . in the manner required by the state courts, thereby 'affording the state courts a meaningful opportunity to consider allegations of legal error.'" *Casey v. Moore,* 386 F.3d 896, 915-916 (9th Cir. 2004) (quoting *Vasquez v. Hillery*, 474 U.S. 254, 257, (1986)). If a habeas litigant failed to present his claims to the state courts in a procedural context in which the merits of the claims were actually considered, the claims have not been fairly presented to the state courts and are

5 - OPINION AND ORDER

therefore not eligible for federal habeas corpus review.  *Castille v. Peoples*, 489 U.S. 346, 351 (1989).

A petitioner is deemed to have "procedurally defaulted" his claim if he failed to comply with a state procedural rule, or failed to raise the claim at the state level at all.  *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000); *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).  If a petitioner has procedurally defaulted a claim in state court, a federal court will not review the claim unless the petitioner shows "cause and prejudice" for the failure to present the constitutional issue to the state court, or makes a colorable showing of actual innocence.  *Gray v. Netherland*, 518 U.S. 152, 162 (1996); *Sawyer v. Whitley*, 505 U.S. 333, 337 (1992); *Murray v. Carrier*, 477 U.S. 478, 485 (1986).

**A.   Ground One: Lack of Notice Prior to *Morrissey Hearing***

According to petitioner, the Board violated his right to due process of law when it failed to provide him with sufficient notice of the charges against him in advance of his parole revocation hearing, and thereafter refused to grant him a continuance. Petitioner sought leave to proceed in the Oregon Court of Appeals on this claim, and the State sought dismissal on the basis that the action was moot.  Respondent's Exhibit 105.  Specifically, without addressing the merits of petitioner's claims, the State argued that petitioner's October 6, 2005 convictions resulted in the revocation of his PPS pursuant to ORS 144.345, thus the revocation by the

6 - OPINION AND ORDER

Board was immaterial. *Id* at 2. It also argued that petitioner had already served the revocation sanction, and under Oregon law, the case was moot. *Id* at 2-3 (citing *Frey v. Board of Parole,* 151 Or App 267 (1997)). The Oregon Court of Appeals dismissed the case as follows:

> Petitioner has moved for leave to proceed with this judicial review on the ground that it presents a substantial question of law. Respondent moves to dismiss the judicial review as moot on the ground that petitioner has been convicted of new crimes and his post-prison supervision has been revoked. Petitioner has already served the 180-day sanction; therefore, there is no relief that can be granted to petitioner.
>
> Petitioner fails to raise a substantial question of law because the judicial review is moot. *Frey v. Board of Parole,* 151 Or App 267 (1997) (Court held that an appeal of an order of sanction becomes moot upon its completion). The motion for leave to proceed with judicial review is denied.

Respondent's Exhibit 107.

Petitioner next filed a Petition for Review in the Oregon Supreme Court wherein he argued that there existed a so-called "Frey-trap" which "is an injustice being inflicted upon many, many offenders in Oregon." Respondent's Exhibit 108, p. 6. He asked the Oregon Supreme Court to overrule the *Frey* decision, and "send [his] case back to the Court of Appeals for a review of the potential relief that could be granted to petitioner." *Id.* As previously noted, the Oregon Supreme Court denied review.

It is clear from the record that the Oregon Court of Appeals relied on state law to determine that, as a procedural matter,

there was no live case or controversy to be decided.   In making
this determination and dismissing petitioner's case as moot, the
Oregon Court of Appeals did not address the merits of any claim.
In this regard, petitioner failed to present his Ground One claim
to the Oregon Court of Appeals in a context in which the merits
were actually considered as required by *Castille*, *supra*.

Similarly, when petitioner proceeded to file his Petition for
Review in the Oregon Supreme Court, he asked that it overturn a
prior state appellate decision and remand the case for a merits
decision.   Thus, the issue before the Oregon Supreme Court was
whether to overrule existing state precedent applying mootness to
parole revocation matters such that a remand was necessary.   Put
another way, where the Oregon Court of Appeals renders a decision
on state procedural grounds, petitioner is no longer in a position
to raise a federal constitutional claim to the Oregon Supreme Court
for consideration on the merits.   Instead, as petitioner attempted
to do in this case, the litigant must first seek reversal of the
procedural decision so the case may be remanded to the intermediate
appellate court for consideration of the claim on its merits.   If
he is unsuccessful in his challenge to intermediate appellate
court's procedural ruling, he has not fairly presented the merits
of any federal constitutional claim sufficient to preserve such a
claim for federal habeas corpus review.

8 - OPINION AND ORDER

Based upon petitioner's procedural history, this court concludes that petitioner failed to fairly present his Ground One claim to Oregon's highest court in a context in which the merits were actually considered. Because petitioner can no longer do so, the claim is procedurally defaulted.

**B.   Ground Two: Imposition of the Sex Offender Package**

Petitioner also alleges that the Board violated his right to due process of law when it revoked his supervision based on a special condition that was imposed in violation of the applicable rules.   According to petitioner, special conditions of PPS can only be added pursuant to ORS 144.102(3)(a) only when the Board "determines that such conditions are necessary" under.  He argues that there was never any showing of necessity to support the sex offender conditions that were imposed upon him in August 2002. Respondent contends that this claim is moot, procedurally defaulted, and time-barred.

As discussed in the Background of this Opinion, it is clear that the Board rejected petitioner's claim pertaining to the conditions of his supervision as untimely.  Respondent's Exhibit 103, p. 173.  As such, not only did the Board not consider the merits of the claim, but the claim was also ineligible for appellate review.  ORAP 5.45(1).

Although petitioner argues that he did, in fact, timely challenge the imposition of the special conditions at issue in this

9 - OPINION AND ORDER

case, for the reasons identified in the court's analysis of petitioner's Ground One claim, petitioner's case on appeal was moot, therefore he has no grounds for relief which are preserved for federal habeas corpus review. Because petitioner can no longer raise his Ground Two claim in Oregon's state courts, it is procedurally defaulted. Petitioner does not argue cause and prejudice, nor does he make a colorable showing of actual innocence sufficient to excuse his default. Accordingly, relief on the Amended Petition is denied.

## CONCLUSION

For the reasons identified above, the Amended Petition for Writ of Habeas Corpus (#30) is DENIED. The court declines to issue a Certificate of Appealability on the basis that petitioner has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

DATED this _27_ day of January, 2010.

Michael W. Mosman
United States District Judge

10 - OPINION AND ORDER